FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 SEP 28 PM 4:39
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JEFFREY RESHUN STERLING,

  Plaintiff,

vs.          CIVIL ACTION NO.: CV608-111

JOHNNY SMITH and
JOSEPH BURNETTE,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Macon State Prison in Oglethorpe, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendants Johnny Smith and Joseph Burnette ("Defendants") violated his constitutional rights while he was housed at Georgia State Prison in Reidsville, Georgia. On June 18, 2010, Defendants filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants had filed a Motion for Summary Judgment and that a response must be filed by July 12, 2010. (Doc. No. 27). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

AO 72A
(Rev. 8/82)

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your pleadings alone.

Plaintiff failed to respond to Defendants' Motion for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff alleges that he asked Defendant Burnette to return him to the general population of Georgia State Prison and at the same time, advised him of Plaintiff's pending lawsuit[1] against another warden, Steve Upton, for "the unconstitutional lockdown of Plaintiff in disciplinary segregation." (Doc. No. 1, p. 6). Plaintiff claims that upon being told of the complaint against Warden Upton, Burnette told Plaintiff that he would "personally pull [Plaintiff's] file and get [him] back in population." (Id.). Plaintiff states that, a few days after his conversation with Burnette, Defendants Smith and Burnette told him that if he would drop the suit against Upton he would be transferred to general population. (Id. at p. 7). Plaintiff dismissed his complaint against Upton approximately two (2) weeks later. (Id.). In October 2008, Plaintiff was transferred to Ware State Prison; he claims this transfer occurred in "retaliation for exercising his First Amendment right in Case No. CV6:08-063." (Id.).

Defendants assert that neither of their actions were motivated by Plaintiff having filed a lawsuit previously, and, thus, Plaintiff's retaliation claim must fail on the merits. Defendants also assert that they are entitled to qualified immunity.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are]

---

[1] Case Number CV6:08-063.

2

entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that there is no evidence that Defendant Smith was aware that Plaintiff had filed a lawsuit against Warden Upton. Defendants allege Plaintiff admits

3

that: he did not serve the lawsuit against Warden Upton; he never provided a copy of the lawsuit to anyone; and Defendant Burnette was the only person to whom Plaintiff showed the complaint. Defendants contend that, although Plaintiff thought Defendant Burnette would speak to other correctional officers about this lawsuit, there is no evidence that Defendant Burnette did. Defendants also contend that Plaintiff cannot rebut direct evidence that Defendant Burnette did not discuss the lawsuit Plaintiff filed with anyone. Defendants aver that Defendant Burnette only told Plaintiff to "hold up" on his lawsuit while he reviewed Plaintiff's file to determine whether Plaintiff could return to general population. (Doc. No. 26-1, p. 9). Defendants assert that Plaintiff does not allege that Defendant Burnette asked him to dismiss the lawsuit. Defendants also assert that the evidence reveals that Plaintiff does not believe that Defendant Burnette had any role in Plaintiff's intra-facility transfers or his transfer to the general population of another prison.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison officials' actions were "the result of his having filed a grievance [or lawsuit] concerning the conditions of his imprisonment." Id.

Once defendants move for summary judgment, "the plaintiff may not respond simply with general attacks upon the defendant[s'] credibility, but rather must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her

4

burden of proving the pertinent motive." Crawford-El v. Britton, 523 U.S. 574, 600 (1998). The issue of intent is a question for the trier of fact. Direct evidence of an illegal motive will usually suffice to create a genuine issue of fact and preclude summary judgment. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995) (citing Swint v. City of Wadley, Ala., 51 F.3d 988, 1000 (11th Cir. 1995)).

Defendants filed a copy of the transcript from Plaintiff's deposition, Defendant Burnette's Affidavit, and a Statement of Material Facts[2] in support of their position that they did not retaliate against Plaintiff. This evidence reveals that Plaintiff did not speak to Defendant Smith about the lawsuit Plaintiff filed against Defendant Upton; instead, Plaintiff spoke with Defendant Smith about being moved to the G-4 dormitory. (Doc. No. 26-2, p. 14; Doc. No. 26-16, pp. 11-12). The evidence also reveals that, although Plaintiff spoke to Defendant Burnette about the lawsuit he filed against Warden Upton, there is no evidence that Defendant Burnette took any retaliatory action against Plaintiff as a result, such as having Plaintiff transferred to another prison facility. (Doc. No. 26-2, pp. 7, 9, 13-14; Doc. No. 26-15, p. 4; Doc. No. 26-16, pp. 10-11). In contrast, Plaintiff has submitted no evidence to overcome his burden of establishing the existence of a genuine issue of material fact.

It is unnecessary to address the remaining portion of Defendants' Motion for Summary Judgment.

---

[2] The remaining evidence Defendants submitted appears to be unrelated to the issue before the Court— whether Defendants were aware Plaintiff had exercised his First Amendment rights and took action against Plaintiff in retaliation for this exercise.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Unopposed Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28 day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE